UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20129-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

CARLOS BRANDT and
ORESTES LOPEZ,

    Plaintiffs,

v.

MAGNIFICENT QUALITY FLORALS
CORP. and MOISES SANCHEZ,

    Defendants.
_____/

<u>ORDER DENYING DEFENDANTS' MOTIONS FOR
JUDGMENT OF DISMISSAL AND SANCTIONS</u>

    Presently pending before the Court is Defendants' Motion for Reconsideration (DE # 136). Plaintiffs have filed an Opposition to the Motion (DE # 139). For the reasons stated below, the Motion for Reconsideration is DENIED.

I.    <u>BACKGROUND</u>

    Plaintiffs Carlos Brandt and Orestes Lopez filed this lawsuit against Defendants Magnificent Quality Florals Corporation ("Magnificent") and Moises Sanchez to recover overtime wages allegedly owed to them pursuant to the Fair Labor Standards Act. Following a jury trial, the jury returned a verdict which found that Plaintiff Brandt worked a total of 18 hours of overtime, and that Plaintiff Lopez did not work any hours of overtime. The jury also found that Plaintiff Brandt had failed to prove that the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act.

    Defendants then filed a Motion for Judgment of Dismissal and Monetary Sanctions pursuant to Fed.R. Civ.P.Rules 26 and 68, 28 U.S.C. § 1927, and the Court's Inherent Authority to Impose Sanctions and for Contempt Proceedings For Perjury and

Suborning Perjury (DE # 117); and a Motion for Sanctions Pursuant to Rule 11, Including Dismissal with Prejudice and Attorneys' Fees and Costs (DE # 124).

On March 31, 2009, the Court issued an Order denying both Motions (DE 132). In that Order, among other things, the undersigned concluded that there was insufficient evidence to find that Plaintiffs' counsel suborned perjury or that Plaintiffs claims were patently frivolous. Defendants have now filed a Motion for Reconsideration of this Court's March 31, 2009 Order (DE # 136). Plaintiffs' have filed a Response in Opposition to the Motion for Reconsideration (DE # 139) and Defendants have not filed a reply.

II.  **LAW & ANALYSIS**

The Defendants request that this Court reconsider its denial of their post judgment motions. The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla .1992)(citations omitted). In addition, a court's reconsideration of a prior order is an extraordinary remedy and exercise of this power must of necessity be used sparingly. *Burger King Corp.*, 181 F. Supp. 2d at 1369 (citations omitted). When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision the was based. *Van Harlingen v. City of Dunedin*, 1992 WL 161064 (M.D. Fla. June 29, 1992), *citing Kuenz v. Goodyear Tire & Rubber Co.*, 617 F.Supp. 11, 14 (N.D. Ohio 1985). Thus, a motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension ....Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp. v.*

*Ashland Equities, Inc.*, 181 F. Supp.2d 1366, 1369 (S.D. Fla. 2002)(citing *Z.K. Marine Inc.*, 808 F.Supp. at 1563).  In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla.1999); *See* also *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994).

In the instant Motion, the Defendants have failed to establish that a change in the factual or legal underpinnings upon which this Court's decision was based has occurred.  In fact, the Defendants have not even argued as much.  Rather, the Defendants simply take issue with this Court's credibility assessments, reasoning and ultimate determinations on whether the facts of this case warranted the imposition of sanctions or a finding that Plaintiffs' counsel suborned perjury.  In fact, eleven (11) of the nineteen (19) pages of Defendants' Motion for Reconsideration set forth, nearly verbatim, the same case law and analysis submitted in Defendants' previous post judgment motions.  Such rehashed arguments do not provide a basis for this Court to reconsider its decision*. Z.K. Marine Inc.,* 808 F.Supp. at 1563 (stating motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made).

In addition, in their Motion, Defendants assert that the Court's reliance on *Davis v. Carl*, 906 F.2d 533 (11th Cir. 1990) is misplaced because, according to Defendants, the reviewing court did not reverse the trial court's imposition of sanctions because the plaintiffs' case was merely weak, but rather reversed the trial court for incorrectly concluding that the plaintiffs' claims were factually groundless.  However, Defendants'

3

argument is a distinction without a difference as applied to the case at bar. In *Davis*, after an evidentiary hearing, the trial court dismissed the petitioner's petitions on their merits and found that there was no evidence that the defendants had acted in the manner alleged by the petitioners. *Id*. at 535. In this case, as to Mr. Brandt, the jury as the fact finder in this case, undeniably found that his allegations had, at least, some basis in fact, as evidenced by the verdict in his favor. Defendants attempt to escape this conclusion by asserting that the Defendants' "[m]otion was not primarily about what happened at trial. It was about what Plaintiffs did during the litigation before trial." (DE # 136 at 11-12). However, the fact that Mr. Brandt ultimately prevailed at trial speaks to whether his claims were factually groundless, which Defendants assert was the crux of the issue in *Davis*. Moreover, *Davis* demonstrates that even where a plaintiff does not prevail in a case, as in the case of Mr. Lopez, it does not follow that the plaintiff's claims were wholly baseless.[1] Thus, Defendants' argument regarding the holding in *Davis* does not warrant a reversal of this court's order.

Further, contrary to the Defendants' arguments, the undersigned did not overlook any evidence, did not misconstrue the availability or limits concerning a Rule 68 award, and carefully reviewed notes of, and considered, all of the trial testimony before ruling on the Motion for Sanctions. The fact that a more lengthy order was not issued does not negate the careful consideration given to the motion before it was denied.

Accordingly, the Defendants have failed to demonstrate that this Court should reconsider its Order to correct manifest errors of law or fact, to consider newly

---

[1] The undersigned notes that if the Defendants' suggested approach is applied to its own assertions during the course of this litigation, then the fact that the Defendants first denied that Mr. Brandt was entitled to overtime pay (DE ## 55 at 2, 136-2 at 2), then later admitted that Mr. Brandt had only worked nine compensable overtime hours (DE # 101), which was found by the jury to represent only half of the hours that Mr. Brandt had worked, would possibly subject the Defendants to a finding that their factual claims were without a basis, as well.

discovered evidence, or based upon an intervening change in controlling law, and thus their Motion for Reconsideration is denied.

Therefore, for the reasons stated above, it is hereby

**ORDERED and ADJUDGED** that Defendants' Motion for Reconsideration (DE # 136) is **DENIED**.

**DONE AND ORDERED** in chambers, in Miami, Florida, on July 29, 2009.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record via CM/ECF