UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  08-23462-CV-TURNOFF

EUGENIA ZELAYA AND FERNANDO PROL,
and all others similarly situated under 29 U.S.C. § 216(b),

      Plaintiffs,
v.

PAK UNITED, INC.
SIFRAZ, INC.
WAHEED ABDUL

      Defendants
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiffs' Motion for Liquidated Damages under 29 U.S.C. § 216(b) and for Entry of Final Judgment **[DE 80]**, Plaintiffs' Verified Motion for Attorney Fees and Costs **[DE 81]**, and Defendant's Renewed Motion to Dismiss for Fraud on the Court **[DE 82]**. The Court has considered the motions, the responses **[DE 85, 86]**, the reply **[DE 87]**, oral arguments **[DE 90]**, the applicable law, and is otherwise duly advised in the premises.

Plaintiffs brought an action against Defendants to recover unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Following a two-day jury trial, the jury returned a verdict for Plaintiffs on July 8, 2010. **[DE 77]**. Plaintiff Eugenia Zelaya ("Zelaya") was awarded $1,023.75, and Plaintiff Fernando Prol ("Prol") was awarded $40.00 (hereinafter "Plaintiffs" collectively). **[DE 77]**. Further, the jury found that Defendants acted with willfulness. **[DE 77]**.

Case No. 08-23462-CV-TURNOFF

At trial, Plaintiffs Zelaya and her husband, Prol, alleged to have worked fifty-six (56) hour weeks, every week, at a Shell gas station. According to Plaintiffs, Defendant failed to pay them overtime wages. Before trial, Defendants served Offers of Judgment under Fed.R.Civ.P. 68 upon both Plaintiffs ($4,000 for Zelaya and $200 for Prol). **[DE 79, att. 1-2, Ex. "A"-"B"]**. Plaintiffs rejected the offers as "unreasonable" and "conditional." **[DE 81, p. 2 fn. 2; DE 87, p. 3 ¶ 4]**. In this connection, the Rule 68 offers required Plaintiffs to release Defendants from further liability regarding these claims. **[DE 81, p. 2 fn. 2]**.

During his opening statement at trial, defense counsel conceded that Defendants *did* owe Zelaya $1,023.75 in unpaid overtime wages. Plaintiffs, however, claimed that the amounts due were well over $30,000. At trial, Zelaya used the testimony of a former co-worker, Ms. Zequeira, to support her account of the amount owed. Defendants, on the other hand, introduced evidence that suggested the testimony was false, e.g., time sheets and Zelaya's own time records written in her personal diary. The jury found in favor of Zelaya, and awarded $1,023.75 – the exact amount suggested by Defendants during opening statements. Prol was awarded $40.00. **[DE77]**.

## Analysis

### Plaintiffs' Motion for Liquidated Damages and for Final Judgment [DE 80]

Plaintiffs are seeking final judgment and liquidated damages under the FLSA, 29 U.S.C. § 216(b), which states in pertinent part,

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Case No. 08-23462-CV-TURNOFF

29 U.S.C. § 216(b).

Plaintiffs herein are entitled to liquidated damages. Specifically, when a jury finds that an employer willfully violated the FLSA, the award of liquidated damages is mandatory and the Court has no discretion to deny this award. Chacon v. El Milagro Care Ctr., Inc., 2009 WL 2852551 (S.D. Fla. Sept. 1, 2009). Here, the jury returned a verdict in favor of the Plaintiffs and found that the employer acted with willfulness. **[DE 77]**. Accordingly, Plaintiffs are entitled to the entry of final judgment in the amount of $1,023.75 for Zelaya and $40.00 for Prol, plus liquidated damages, for an aggregate total of $2,047.50 and $80.00.

Consistent with the above, Plaintiff's Motion for Liquidated Damages under 29 U.S.C. § 216(b) and for Entry of Final Judgment **[DE 80]** is **GRANTED**.

### Plaintiffs' Verified Motion for Attorney Fees and Costs [DE 81]

Based upon their "prevailing party" status in an FLSA action, Plaintiffs now seek an unreduced award of attorney's fees in the amount of $39,207.50. **[DE 81]**. Plaintiffs also seek an award of costs in the amount of $1,557.05, pursuant to Rule 54(d) and 28 U.S.C. § 1920. **[DE 81]**.

Defendants, on the other hand, argue that this Court should award no fees at all for the reasons set forth in its Motion to Dismiss for Fraud on the Court. **[DE 82]**. Defendants also argue that if this Court awards any fees, the amount should be drastically reduced due to the Plaintiffs' limited success at trial.

*Legal Standard*

The standard for determining attorney's fees in the Eleventh Circuit is the lodestar method, which requires this Court to multiply the reasonable hours expended by Plaintiff's counsel by the

Case No. 08-23462-CV-TURNOFF

reasonable hourly rates charged by Plaintiff's counsel and his associates. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F.Supp. 1190, 1191 (S.D. Fla. 1991). The court may then adjust that award in light of the plaintiff's level of success. Roldan v. Pure Air Solutions, Inc., No. 07-22203-CIV-TORRES, 2010 WL 410571, at *5 (S.D. Fla. Jan. 29, 2010) (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).

*Reasonableness of Attorney's Requested Hourly Rate*

The first step in calculating the lodestar is to determine the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." Id. at 1303.

This Court has recently found the hourly rates requested by Plaintiffs' counsel and his associates to be reasonable. Reis v. Theirry's Inc., et al., Case No. 08-20992-CIV-TURNOFF (Ecf. No. 110) (Mar. 25, 2010). Further, Defendant does not dispute the reasonableness of the hourly rates requested by the Plaintiffs counsel and his associates. Accordingly, the undersigned finds that they are reasonable.

*Reasonableness of Attorney's Requested Billable Hours*

The next step in calculating the lodestar is to determine the reasonable amount of hours expended in the case. Norman, 836 F.2d at 1301. In doing so, the Court should exclude "excessive,

Case No. 08-23462-CV-TURNOFF

redundant or otherwise unnecessary" hours from the amount claimed. Id.

Plaintiff has submitted billed time for four (4) lawyers who worked on this relatively small FLSA case. Defendants do not specifically object to the number of hours requested in Plaintiff's Motion for Attorney Fees. **[DE 81, 86]**. However, this Court is itself an expert on the question of reasonable hours. Norman, 836 F.2d at 1303. After a review of the submitted time sheets **[DE 81]**, this Court finds the requested billable hours excessive.

In reducing excessive fees, the court may conduct an hour-by-hour analysis or elect to reduce fees by using an across-the-board method to avoid "pick and shovel work." See Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1351. Accordingly, the undersigned finds that an overall reduction for excessive billing is warranted.

*Plaintiffs' Limited Success at Trial & Rule 68*

This court must ask whether "the Plaintiff[s] achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). If Plaintiffs achieved only "partial or limited success," then the lodestar amount may be excessive and this Court may reduce the lodestar to reflect the degree of success obtained. Hensley, 461 U.S. 436-37; Roldan, 2010 WL 410571, at *5-6.

Additionally, a Rule 68 offer was rejected by Plaintiffs in this case. A rejected Rule 68 offer does not prohibit the Plaintiffs from collecting fees. However,

> [w]hen a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer. This application of Rule 68 has the salutary benefit of encouraging settlement of cases that should be settled when reasonable settlement offers are made.

Hayworth v. Nevada, 56 F.3d 1048, 1052 (1995); See also Ramos v. Goodfellas Brooklyn's Finest Pizzeria, No. 08-61240-CIV, 2009 WL 2143628 (S.D. Fla. July 16, 2009) (reducing attorney fee award by 50% after an initial reduction of 25% due to limited success at trial after settlement offer).

Upon careful review, this Court finds that Plaintiffs' success at trial was limited, at best, and that a reduction is warranted. Here, there is a vast disparity between the amount awarded, the Rule 68 offers, and the original amount of unpaid wages sought.[1] Plaintiffs recovered only $1,023.75 and $40.00 for what Plaintiffs claimed were over $30,000 in damages. Lastly, this Court notes that the jury did in fact award Plaintiffs the exact dollar amount *suggested by the Defendants* at trial. **[DE 77]**. Plaintiffs' success is most certainly limited when the jury does exactly as the Defendant suggests.

Consistent with the above, and upon a review of the entire file, the undersigned finds that a reduction is appropriate. It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' attorney fee award is hereby reduced by **75%** to account for excessive hours and limited success at trial. Therefore, Plaintiffs' final reduced fee award is **$9,801.88**.

*Costs*

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorney's fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). The FLSA likewise requires an award of costs to the

---

[1] The vast disparity is readily apparent. In fact, Plaintiffs' requested fee of $39,207.50 is nineteen (19) times the amount recovered at trial for both Plaintiffs (36 times without liquidated damages). Such a disparity is "beyond the range of reasonableness." Ramos, 2009 WL 2143628, at *2 (reducing a fee of $38,756, 19.378 times greater than the amount recovered at trial, to $13,989.55).

Case No. 08-23462-CV-TURNOFF

prevailing party. 29 U.S.C. § 216(b). Because Plaintiffs are the prevailing party, they are entitled to receive all costs recoverable under 28 U.S.C. § 1290.

Although trial courts are afforded wide latitude in ascertaining taxable costs, in exercising its discretion, absent explicit statutory authorization or contractual authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).   To illustrate, a judge or clerk of court may tax the following as costs:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under 1923 of this title; Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.

Plaintiffs' entitlement to costs is not in dispute. The question is as to amount. Here, Defendant argues that Plaintiffs' calculation of costs be cut off after the unaccepted Rule 68 offer of judgment. Defendants also argue that they, Defendants, are entitled to any costs incurred after the offer. Rule 68 states in pertinent part, "(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d).

As noted above, Plaintiffs argue that the Rule 68 offers were invalid because they were "conditional." This Court is not persuaded. The Rule 68 offers required Plaintiffs to "execute a release of the claims asserted in this litigation . . . ." and "hold harmless and defend the Defendants from any claims, liens, [etc] . . . as a result of the matters described in the Plaintiff[s'] complaint."

Case No. 08-23462-CV-TURNOFF

**[DE 79, Exhibit "A" ¶ 4; DE 79, Exhibit "B" ¶ 4]**. The Court finds this language to be reasonable, typical in many settlements and otherwise valid.

Plaintiffs further stressed that the Rule 68 offers should be deemed unreasonable because the time records were never produced. In this connection, Plaintiffs asserted they would have accepted the Rule 68 offers if they had the records. Whether the records were produced before trial is in dispute. While the Court could expend scarce resources and require all the parties in this case to appear for an evidentiary hearing in an effort to resolve this dispute, this issue would not change the outcome of this case.

Thus, because Defendants made a valid Rule 68 Offer of Judgment and the final awards against them were less than the amount offered, Plaintiffs must bear their own costs, as well as those of Defendants, incurred after the Rule 68 offers were made. Fed.R.Civ.P. 68(d).

Plaintiffs seek to recover a total of $1,557.05 in costs. These costs are divided between: (1) Filing fee of $350.00, (2) service of process on two (2) Defendants for $70.00, (3) Deposition reporters appearance and transcript fee for Defendants Waheed Abdul and Juan Davila for $499.55, (4) and a translation fee for trial for $637.50. Plaintiffs have provided receipts and documentation. **[DE 81]**.

Defendants seek to recover a total of $234.15 in costs incurred after the filing of the Rule 68 offers. **[DE 85]**. Defendants have not yet provided receipts or documentation for these costs. Defendant states that a bill of costs will be filed separately. **[DE 85, p. 2]**.

The only costs incurred by Plaintiff before the Rule 68 offers was the filing fee of $350.00 and the service fee of $70.00. **[DE 81]**. Thus, Plaintiffs shall only be entitled to $450.00.

Case No. 08-23462-CV-TURNOFF

Defendants shall be entitled to costs incurred after the Rule 68 offer, totaling $234.15. These costs are deducted from Plaintiffs' award, therefore reducing Plaintiffs' net award to **$215.85**.

**Defendant's Renewed Motion to Dismiss for Fraud on the Court [DE 82]**

After trial, this Court denied Defendant's *ore tenus* Motion to Dismiss for Fraud on the Court. **[DE 78]**. Defendant seeks reconsideration of this motion. **[DE 82]**.

Defendant argues that this Court should sanction the Plaintiffs by dismissing their case for "engag[ing] in egregious misconduct by lying under oath . . . ." **[DE 82, p. 1]**. In this connection, Defendant explains that Plaintiffs' witness testimony contradicts itself. Specifically, Plaintiffs testified that they worked fifty-six (56) hour weeks, every week. Plaintiffs "star witness," Ms. Zequiera, testified that she drove by the gas station on her to way to school and saw Zelaya working each and every single day, before 3:00 P.M. and after 11:00 P.M., for three straight years without exception, including holidays. This witness testified that she did this despite the fact that her school campus was in the opposite direction of the gas station. Further, Defendants argue that Zelaya's own diary contradicted her testimony conclusively. Thus, Defendants argue, Plaintiffs' counsel knew or should have known that these witnesses were lying, and it was "incumbent on Plaintiffs' counsel to review the diary. . . and question the Plaintiffs' witnesses to judge their credibility." **[DE 85, p. 7]**.

*Legal Standard*

A motion for reconsideration is appropriate when there is an (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice. See Burger King Corp. v. Ashland Equities, Inc., 181 F.Supp.2d 1366, 1369 (S.D. Fla.

Case No. 08-23462-CV-TURNOFF

2002) ("such problems rarely arise and the motion to reconsider should be equally rare.").

While Defendants' arguments are colorable, a reconsideration of this Court's denial of Defendants' *ore tenus* motion would be inappropriate because no new evidence has been introduced. The concerns in question turn on the issue of witness credibility. Here, the jury heard the testimony of these witnesses and determined if and to what extent they were sufficiently impeached.[2] Further, the controlling law remains the same and this Court finds no clear error to correct. Therefore, Defendants' Motion to Dismiss for Fraud on the Court **[DE 82]** is **DENIED**.

### Conclusion

After careful consideration of the record and for the aforesaid reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Liquidated Damages **[DE 80]** is **GRANTED**, Plaintiff's Motion for Attorney Fees and Bill of Costs **[DE 81]** is **GRANTED IN PART**, and Defendant's Motion to Dismiss for Fraud on the Court **[DE 82]** is **DENIED**. Plaintiff shall recover **$9,801.88** in attorney fees and **$215.85** in costs, for a total award of fees and costs in the amount of **$10,017.76**. Defendant shall recover **$234.15** in costs.

**DONE AND ORDERED** in Chambers, at Miami, Florida this 18th day of February 2011.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of record

---

[2] The jury's award of the exact amount suggested by the Defendants at trial may be an indicator of such a determination.